UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VELMA M. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-1315-JCH |
| | ) |
| MEGAN J. BRENNAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Velma M. Hill's motion to proceed in forma pauperis. (ECF No. 2). Upon consideration of the motion and the financial information therein, the Court finds that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, the Court will dismiss plaintiff's claims brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and direct the Clerk of Court to issue process upon the defendant as to the remaining claims in the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a former employee of the United States Postal Service. From October of 2015 to February of 2016, she worked at the Gaffney Post Office in St. Louis, Missouri. She brings this action against the Agency under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, the ADA, and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701, *et seq.*[1]

---

[1] On February 27, 2019, plaintiff filed an employment discrimination action in this Court that was based upon alleged adverse employment action she suffered while working at a different United States Post Office during a different period of time. *See Hill v. Brennan,* No. 4:19-cv-345-RLW (E.D. Mo. 2019). As of the date of this Memorandum and Order, that matter remains pending.

Plaintiff claims the Agency subjected her to discriminatory harassment on the bases of disability and age, and reprisal for prior protected EEO activity. She claims her disability was not accommodated, and that the terms and conditions of her employment differed from those of similar employees. Briefly, she alleges her manager made numerous disparaging statements to and about her, and denied her medically-required work breaks while allowing her fellow employees to take breaks. The manager also required plaintiff to clock in and out while not requiring this of other employees, changed plaintiff's work schedule to accommodate others, called plaintiff names, yelled at her, and brought false charges against her.

**Discussion**

Plaintiff's ADA claim will be dismissed. The ADA does not provide plaintiff with a cause of action for employment discrimination against the federal government. 42 U.S.C. § 12111(5)(B); *Carroll v. Potter,* 163 F. App'x 450 (8th Cir. 2006) (per curiam). Section 12111(5)(B) of Title 42 provides that "[t]he term 'employer' does not include ... (i) the United States." Because the ADA specifically exempts the federal government from claims made under the ADA, the Court must dismiss Plaintiff's ADA claim. However, the elimination of the ADA claim does not affect the legal analysis or the scope of remedy available to plaintiff, as courts explicitly employ ADA rules and principles for analysis of RA cases. *See Randolph v. Rogers,* 170 F.3d 850, 858 (8th Cir. 1999) (internal citations omitted) (noting that with the exception of the RA's federal funding requirement, "cases interpreting either are applicable and interchangeable."). Plaintiff's remaining claims will be allowed to proceed.

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present her claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present her claims. In addition, the motion is premature, as the defendant has yet to be served with process and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Velma M. Hill's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims filed pursuant to the ADA are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process or cause process to issue as to the remaining claims in the complaint. Defendant shall be served in accordance with service of summons on the Attorney General's Office, at 950 Pennsylvania Ave. NW, Washington DC 20530, as well as service of summons on the Office of the United States Attorney in the Eastern District of Missouri, and finally by service of summons on the Postmaster General in Washington D.C. at 475 L'Enfant Plaza SW, Washington DC, 20260.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

Dated this ____19th____ day of July, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE